UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DIEMIRUAYA OGHENEAKPOR DENIRAN, <br><br> Plaintiff, <br><br> v. <br><br> MUSEUM OF MODERN ART, et al., <br><br> Defendants. | No. 21-CV-9660 (RA)(SN) <br><br> MEMORANDUM OPINION AND ORDER |

RONNIE ABRAMS, United States District Judge:

Plaintiff Diemiruaya Ogheneakpor Deniran, formerly a security guard at the Museum of Modern Art ("MoMA"), brought this action against Defendants MoMA and the museum's benefits manager, Caroline Clements, alleging that they violated his constitutional rights by firing him for his failure to obtain a COVID-19 vaccine in contravention of MoMA's employment policy. Before the Court is the June 17, 2022 Report and Recommendation of Judge Netburn (the "Report"), which recommends dismissing the action for failure to state a claim on the basis that Plaintiff has failed to allege state action. *See* Dkt. 20. Now before the Court are Plaintiff's objections to the Report. For the following reasons, his objections are overruled and the Court adopts the thorough and well-reasoned Report in its entirety.

When a magistrate judge has issued a report and recommendation, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made [therein]." 28 U.S.C. § 636(b)(1). "When a timely and specific objection to a report and recommendation is made, the Court reviews *de novo* the portion of the report and recommendation to which the party objects." *Razzoli v. Federal Bureau of Prisons*, No. 12 Civ. 3774 (LAP) (KNF), 2014 WL 2440771, at *5

(S.D.N.Y. May 30, 2014) (citing 28 U.S.C. § 636(b)(1) and Fed R. Civ. P. 72(b)(3)).[1] "To accept those portions of the report to which no timely objection has been made, however, 'a district court need only satisfy itself that there is no clear error on the face of the record.'" *Id.* (quoting *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003)).

Moreover, "when a party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." *Walker v. Vaughan*, 216 F. Supp. 2d 290, 292 (S.D.N.Y. 2002). "A magistrate judge's decision is clearly erroneous only if the district court is 'left with the definite and firm conviction that a mistake has been committed.'" *Stenson v. Heath*, No. 11-CV-5680 (RJS) (AJP), 2015 WL 3826596, at *2 (S.D.N.Y. June 19, 2015) (citation omitted).

The Court must also be mindful that a *pro se* litigant's submissions are to be "construed liberally and interpreted 'to raise the strongest arguments that they suggest.'" *Restea v. Brown Harris Stevens LLC*, No. 17-CV-4801 (VEC) (GWG), 2018 WL 3435060, at *1 (S.D.N.Y. July 16, 2018) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)). Nevertheless, "even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal." *Crum v. Billingsby*, No. 11 CIV. 2979 GBD RLE, 2014 WL 2855030, at *2 (S.D.N.Y. June 20, 2014*)* (citation omitted).

Plaintiff raises two general objections and one specific objection that reiterates arguments already made in his opposition to Defendants' motion to dismiss. The Court thus reviews the Report for clear error. It finds none.

Plaintiff's first objection—that the Report contains "inherent bias" and exhibits "great

---

[1] Unless otherwise indicated, case quotations omit all internal citations, quotations, footnotes, and alterations.

animosity towards *pro se* litigants," Deniran Aff. ¶ 4—is both conclusory and unsupported. To the contrary, in her Report, Judge Netburn recognized that *pro se* litigants' submissions must be construed liberally and interpreted Plaintiff's claims in accordance with that requirement. *See* Report at 2, 3.

Plaintiff's second objection—that the Report is *ultra vires* under 28 U.S.C. § 636—is similarly unavailing. That statute explicitly provides that a district court may "designate a magistrate judge . . . to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion [to dismiss for failure to state a claim]." 28 U.S.C. § 636(b)(1)(C).

Finally, Plaintiff's third and only substantive objection to this Court—that private actors may be liable in some circumstances for deprivations of constitutional rights—fails as well. While this basic principle is not in dispute, Judge Netburn rightly concluded that Plaintiff has failed to establish that "the defendant acted under color of state law," as he must when asserting a Section 1983 claim. *See Annis v. Cty. of Westchester*, 136 F.3d 239, 245 (2d Cir. 1998). Here, Plaintiff challenges the enforcement of a private entity's employment policy. "For the conduct of a private entity to be fairly attributable to the state, there must be such a close nexus between the state and the challenged action that seemingly private behavior may be fairly treated as that of the state itself." *Cranley v. Nat'l Life Ins. Co. of Vermont*, 318 F.3d 105, 111 (2d Cir. 2003). A private employer's acts only constitute state action "when the state exercises coercive power, is entwined in the management or control of the private actor, or provides the private actor with significant encouragement, either overt or covert, or when the private actor operates as a willful participant in joint activity with the state or its agents, is controlled by an agency of the state, has been delegated a public function by the state, or is entwined with governmental policies." *Id.* at 112. By contrast, conduct by a private entity is not fairly attributable to the state merely because the private entity is a business subject to extensive state

regulation or "affected with the public interest." *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 350, 353 (1974). Although Plaintiff contends that MoMA's vaccination policy is a "state program," Compl. ¶ 61, that is a conclusory statement unsupported by assertions of fact that the Court need not credit on a motion to dismiss.[2] *See In re Livent, Inc. Noteholders Sec. Litig.*, 151 F. Supp. 2d 371, 404 (S.D.N.Y. 2001). It also would seem to contradict Plaintiff's assertion that MoMA adopted a vaccine mandate for its employees "o[f] their own accord and volition." Compl. ¶ 28. No other factual allegations in the complaint, even construed generously, suffice to show state action under any of the abovementioned tests.[3]

Accordingly, Plaintiff's complaint is dismissed for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). The Court, moreover, declines to grant Plaintiff leave to amend because amendment would be futile. Where, as here, "[t]he problem with [plaintiff's] causes of action is substantive," amendment cannot save the complaint. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). The Clerk of Court is respectfully directed to terminate this case and to mail a copy of this order to Plaintiff.

SO ORDERED.

Dated: August 1, 2022
        New York, New York

                                              Ronnie Abrams
                                              United States District Judge

---

[2] On December 13, 2021, the New York City Commissioner of Health and Mental Hygiene issued an order requiring New York City private sector workers to obtain COVID-19 vaccines. *See* Order of the Commissioner of Health and Mental Hygiene to Require COVID-19 Vaccination in the Workplace (Dec. 13, 2021), https://www1.nyc.gov/assets/doh/downloads/pdf/covid/covid-19-vaccination-workplace-requirement.pdf. This mandate, however, could not have been the reason for Plaintiff's termination because the termination predated the issuance of the private sector vaccine mandate by nearly two months. Compl. ¶ 9 (alleging that MoMA terminated Plaintiff's employment on October 21, 2021).

[3] Plaintiff raises the additional objection that "[d]ismissal for failure to state a claim on qualified immunity grounds is generally inappropriate." Deniran Aff. ¶ 10. The Court does not address this objection because Defendants' motion does not contain any reference to qualified immunity.